The wind is uncertain; therefore, it cannot be the substance of the covenant.
2. The plaintiff declares that by indenture between the plaintiff and defendant, it was covenanted, etc., and on oyer there were three parties, the defendant, A., and B. This is bad. Fitz v. Executors, 80. 15 E.,
3. If two be bound and one of them dies, in an action against the survivor, the plaintiff ought to aver the death of the other in his declaration, which JONES, J., assented to.
3. The covenant is to pay primage, etc., and it is averred that he did not pay it, but he ought to have averred in his declaration what the primage is; for it is uncertain.
DODERIDGE and JONES, JJ. It is according to the covenant, and it is well — *Page 665 
4. The covenant is by three jointly and severally, that they pay, and the breach is assigned that the defendant did not pay; he ought to have gone further and say, nor any of the others.
CURIA. The distinction is, that when the action is brought against all, the nonpayment of all shall be alleged. But where the suit is against oneonly, it is sufficient to say that he did not pay. And if any one has paid, it is proper for the defendant to plead it. It is the same when two are bound jointly and severally; in a suit against one, it is sufficient to sayhe did not pay, otherwise when against both.
And Devenport (the King's attorney) took another exception. There the declaration is, that it was covenanted inter parties predictas, perinaenturam fact. tali die; but he does not say that it was covenanted, *agreed, or witnessed that he would sail with the first wind.
And, after argument, it was adjudged for the plaintiff. Antea, p. 638; Poph., 161; Bendl., 146; Noy, 75; Palm., 397.